UNITED STATES of America,

v.

**John Keith ROQUEMORE,**
**Defendant-movant.**

No. 5:91–cr–73(WDO).

United States District Court,
M.D. Georgia,
Macon Division.

Aug. 15, 1996.

Dixie A. Morrow, Asst. U.S. Atty., Macon, GA, for the U.S.

Sandra Popson, Macon, GA, for John Keith Roquemore.

### ORDER

OWENS, District Judge.

Before the court is defendant's motion for relief under § 2255. Defendant's attorney, who provided representation during defendant's guilty plea and sentencing, filed a motion to intervene. Attorney's motion concurs with defendant's position that her repre-

sentation was ineffective since there was no 5K motion for downward departure. The government has filed a response per the court's request. After carefully considering the arguments of counsel, the relevant caselaw, and the record as a whole, the court issues the following order.

### FACTS

On October 11, 1988, defendant was sentenced in state court for burglary, fraud, and theft by receiving stolen property, offenses that occurred on separate dates and which were consolidated for sentencing purposes. The burglary offenses involved the defendant entering two separate residences and stealing various items to include jewelry, coins, and money. The fraud convictions involved defendant purchasing various items with a stolen credit card from a local convenience store. The theft by receiving stolen property convictions involved the defendant receiving stolen jewelry on two separate occasions.

On September 5, 1989, defendant was sentenced for again committing the offense of burglary. On September 30, 1989, defendant's probation was revoked in full.

On or about February 2, 1991, defendant sold a shotgun that had traveled in interstate commerce to a pawn shop in Warner Robins, Georgia. Defendant was indicted by a federal grand jury on two counts of possession of a firearm by a convicted felon, in connection with 18 U.S.C. § 924(e), which imposes a mandatory fifteen (15) year sentence where the individual has been convicted of at least three prior felonies. On February 3, 1992, defendant entered a plea of guilty pursuant to the terms of a plea agreement:

DEFENDANT ROQUEMORE: "The Defendant and the Government agree that on or about February 2nd, 1991, Defendant knowingly possessed and pawned in Chuck's Pawn Shop in Warner Robins, Georgia, a Herrington and Richardson Model 158 12/12 gauge shotgun, Serial # AL 331759, which had previously trav-

eled in interstate commerce. At the time that the Defendant pawned this firearm, he had been previously convicted of a felony, burglary, in both 1988 and 1989."

THE COURT: All right. Is that the truth?

DEFENDANT ROQUEMORE: Yes, sir.

Plea T. at 4. Paragraph (d) of the plea agreement read as follows:

If the defendant provides substantial assistance in the investigation or prosecution of others, the Government agrees to file a motion at the time of sentencing informing the Court that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense so that the Court can, in its discretion, depart from the guidelines as contemplated by § 5K1.1 of the Federal Sentencing Guidelines Manual. The Government agrees to inform the Court at the time of sentencing of the full extent of the assistance provided by the defendant until the time of sentencing. It is understood that it will be entirely in the Court's discretion as to what, if any, departure from the guidelines the defendant will receive for his assistance prior to sentencing.

Plea Agreement, at 6–7. Defendant was then interviewed on May 7, 1992 by an agent of the ATF, who characterized the information obtained as "historical" in nature. The ATF agent's report indicated that when local officials were informed of information provided by defendant, they stated that it was old news to them and that they knew about the drug dealers identified in defendant's interview.

Because the information obtained through this interview did not lead to the investigation or prosecution of others, the government elected not to make a 5K motion at sentencing.[1] Defendant's criminal history, as set out above, was listed in a presentence investigation report ("PSI"), a copy of which was

---

1. Although an internal memo from the United States Attorney's office suggests uncertainty by one prosecutor on whether to move the court for a downward departure, it is clear that the competing views expressed by the senior prosecutor

prevailed. At the bottom of the memo indicating uncertainty on the value of information provided by defendant, a senior prosecutor responded that the information "[d]idn't look like much."

provided to defendant and his counsel. Defendant's criminal history was not challenged at sentencing and was therefore without objection used by the court in finding that the mandatory minimum sentence imposed by Section 924(e) applied to defendant. The court committed the defendant to the bureau of prisons for a term of one-hundred and eighty (180) months (the statutorily mandated minimum) without objection.

After sentencing, the same ATF agent conducted another interview with defendant. Again, this interview failed to provide sufficient information to justify the filing of a motion for reduction of sentence.

On April 16, 1993, the Eleventh Circuit rejected defendant's claim that his sentence was cruel and unusual punishment under the Eighth Amendment. On February 22, 1996, defendant filed a § 2255 motion alleging that a predicate conviction for his plea of guilty under § 924(e) did not in fact qualify as "burglary" under Georgia law; that the United States Attorney should have made a 5K motion for reduction of sentence; and that failure to raise these issues constituted ineffective assistance of counsel. The attorney who represented defendant then filed a motion to intervene, expressing her agreement with defendant's position that the government should have filed a 5K motion and that she could have done more to secure a 5K motion for defendant. The government responded to these per the court's request, and the motion is now before the court.

## DISCUSSION

■ Defendant first contends that his September 5, 1989, conviction in the Superior Court of Houston County "does not substantially correspond to the statutory definition under Georgia law § 16-7-1...." Brief, at 4. As such, defendant contends that it was improperly used as a predicate conviction for his plea of guilty to a violation of 18 U.S.C. § 922(g) i/c/w § 924(e). However, Section 924(e) "focuses on the *fact* of the conviction

and nothing suggests that the prior final conviction may be subject to collateral attack for potential constitutional errors before it may be counted." *Custis v. United States*, 511 U.S. 485, ——, 114 S.Ct. 1732, 1736, 128 L.Ed.2d 517 (1994). Nor does Section 924(e)

> permit [defendant] to use the federal sentencing forum to gain review of his state convictions. Congress did not prescribe and the Constitution does not require such delay and protraction of the federal sentencing process. * * * If [defendant] is successful in attacking these state sentences, he may then apply for reopening of any federal sentence enhanced by the state sentences.

*Id.* at ——, 114 S.Ct. at 1739.

The judgment of conviction from the state court indicates in the upper-right hand corner that the, offense to which defendant pleaded guilty was "burglary." This court will not look beyond the fact that the conviction dated September 5, 1989 states that it is for "burglary" and that a "felony sentence" was imposed thereon.[2] Accordingly, defendant is not entitled to relief based on this argument.[3]

■ Defendant next contends that the government should have filed a 5K motion on his behalf. Under the terms of the plea agreement, the government agreed to file a 5K motion for downward departure "[i]f the defendant provides *substantial assistance* in the investigation or prosecution of others...." Plea, at ¶ 8(D) (emphasis supplied). Defendant met with an ATF agent prior to sentencing for the purpose of providing information; however, the government did not make a 5K motion at sentencing. Defendant's failure to object at sentencing to the government's failure to make a 5K motion is a waiver of that argument. *United States v. Forney*, 9 F.3d 1492, 1500 (11th Cir.1993) ("Forney's attempt to allege bad faith by the government for not making a 5K1.1 motion is unavailing because he did not

---

**2.** The Affidavit and Accusation filed by the assistant district attorney for Houston county charged defendant with the offense of "burglary."

**3.** In any event, defendant's argument is that a "burglary" under Georgia law does not include those instances where the perpetrator enters a "premises." In the court's best judgment, this distinction is without merit.

raise this objection with the district court at the sentencing proceeding.").

 Assuming that defendant's objection has not been waived, however, this court may not review the United States Attorney's decision to not file a 5K motion on defendant's behalf. Judicial review of such a decision is appropriate only "when there is an allegation *and* a substantial showing that the prosecution refused to file a substantial assistance motion because of a constitutionally impermissible motivation, such as race or religion." *Id.* at 1502 (footnote omitted); *see also Wade v. United States,* 504 U.S. 181, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992) ("federal district courts have authority to review a prosecutor's refusal to file a substantial-assistance motion and to grant a remedy if they find that the refusal was based on an unconstitutional motive"). Defendant has not alleged any unconstitutional motive by the United States Attorney's office. In any event, the evidence before the court supports a decision to not file a 5K, since "no arrests resulted from the information that [defendant] gave the government pursuant to the plea agreement." *Forney,* 9 F.3d at 1502 n. 4. Accordingly, defendant's second contention does not provide a basis for relief.

 Finally, defendant claims that it was ineffective assistance of counsel for the two foregoing arguments to not have been raised by counsel previously. It is not ineffective assistance of counsel to not make an obviously meritless argument. With regard to the 5K, counsel may have felt there was more she could have done to obtain a 5K, but that was not the case. The government would only grant a 5K if substantial assistance was forthcoming. Certainly counsel could not have assisted defendant in providing assistance that was substantial. As to use of the burglary conviction for purposes of Section 924(e), the court was powerless to look beyond the fact that the defendant was charged with the offense of burglary, pleaded guilty to that charge, and was sentenced according to the nature of the offense. Even if counsel had collaterally attacked defendant's 1989 burglary conviction, the court would not (indeed, could not) have considered

it. Accordingly, defendant's ineffective assistance claim provides no basis for relief.

## CONCLUSION

For the foregoing reasons, in addition to those raised by the government in its response brief, the court finds no basis on which to grant defendant relief. Accordingly, defendant's motion [TAB # 22] is **DENIED IN ITS ENTIRETY.** Because defendant's motion has been denied, the motion to intervene filed by attorney Sandra Popson [TAB # 23] is also **DENIED.** Defendant's motions for summary judgment and for the court to rule [TAB ## 27 and 28] are **DENIED AS MOOT.** Defendant's motion for appointment of counsel [TAB # 29], having been carefully considered, is **DENIED.**